**Lawrence MARCUS, Appellant,**

v.

**W. R. KINABREW, Appellee.**

**No. 410.**

Court of Civil Appeals of Texas.

Tyler.

Feb. 20, 1969.

Rehearing Denied March 20, 1969.

James E. Coleman, Jr., and Robert H. Mow, Jr., Carrington, Johnson & Stephens, Dallas, Willis D. Moore, Moore & Holland, Athens, for appellant.

William H. Kugle, Jr., Kugle & Douglas, Athens, for appellee.

SELLERS, Justice.

Appellant Lawrence Marcus of Dallas, brought this suit against W. R. Kinabrew, appellee, to recover damages alleged to be due him as a result of fraud committed by appellee on appellant in connection with sale of a certain oil lease and a producing well located thereon in Henderson County. The appellee filed a plea of privilege to be sued in Henderson County which was controverted by appellant. The controverting plea seeks to hold venue in Dallas County because the alleged fraud was committed in Dallas County. The plea was heard by the trial court and after a full hearing, the plea of privilege was sustained and the case was sent to the District Court of Henderson County, from which ruling of the trial court, there was no appeal.

When the case came on for trial in Henderson County, the Defendant, Kinabrew, filed a motion for summary judgment and offered in support thereof the transcript of the evidence heard by the Dallas court on the plea of privilege hearing, the evidence on the plea of privilege hearing having been offered by the appellant. The appellant not having offered any evidence on the motion for summary judgment, the trial court sustained the motion for summary judgment, from which ruling, the appellant has duly perfected this appeal.

The evidence offered at the plea of privilege hearing consisted of the deposition of Mr. Kinabrew and the testimony of two members of a geological firm located in Dallas, hired by Mr. Marcus to value the interest of Kinabrew that Marcus was seeking to purchase. The interest of Kinabrew was valued at $42,500 by the geologists, and the deal was closed on that basis. Thereafter, the geologists learned that the well had been acidized before they made the original valuation, and after receiving this information, they changed their valuation to $3,380.

The whole charge of fraud against Kinabrew is that he failed to tell the geologists that the well had been acidized and in giving the geologists his opinion that the well could be made to produce three times as much as it was then producing by a good acid treatment. Mr. Kinabrew testified that he advised Mr. Marcus that he had been approached by Lone Star Gas Company to buy the lease and well thereon provided they could get the entire interest of all parties; that Hinton, the other party, was agreeable to selling, and Mr. Marcus said he wanted to have the well and lease valued by the firm of H. J. Gruy and Associates, same being expert geologists in the business of valuing the productivity of oil leases; that Marcus wanted Kinabrew to furnish the geologists the logs on various other wells in the vicinity; and that no request was made of Kinabrew to furnish any information about the jointly owned well. Kinabrew's testimony is to the effect that he furnished the geologists the logs on other wells in the vicinity and this is undisputed by the geologists. He did not tell the geologists that the well had been acidized and was not asked for that information. He told the geologists that the well had been rated by the Railroad Commission at 62 barrels per day and that in his opinion, a good acid treatment would make the well produce three times that amount.

■ Mr. Marcus did not testify at the hearing on the plea of privilege nor was any evidence from him offered on the hearing for summary judgment. His amended petition was verified but a verified petition is not evidence on a motion for summary judgment. Hansen v. Eagle Mountain-Saginaw Independent School District, Tex.Civ.App., 373 S.W.2d 817.

■ From the record, it is not disputed that Mr. Marcus knew that the well had been acidized and he had paid his part of the expense. He did not rely on that information, but hired the experts to value the same for him, upon which he relied in purchasing the interest of Kinabrew. American Marine Upholstery Co. v. Minsky et. al., Tex.Civ.App., 433 S.W.2d 717. The geologists did not see Mr. Kinabrew but once and that was about 15 minutes in their office. It cannot therefore be said that he interfered with their investigation and valuation of the leased property. Therefore, we think the rule in such cases is to the effect that where one hires experts to value the property and relies on their judgment in making the purchase, he cannot thereafter seek to recover when the information is incorrect. Whitsel et al. v. Hoover et al., Tex.Civ.App., 120 S.W.2d 930, 934, from which we quote:

" 'Where false and fraudulent representations are made concerning the subject-matter of a contract, but the person to whom they are made, before closing the contract (or before the time for payment arrives) inspects and examines the subject of the contract, or conducts an independent investigation into the matters covered by the representations, which is sufficient to inform him of the truth, and which is not interfered with or rendered nugatory by any act of the other party, it is presumed that he places his reliance on the information acquired by such investigation and on his own judgment based on such facts, and not on the representations made to him, and therefore he cannot have relief because his bargain proves unsatisfactory to him.

\* \* \* \* \* \*

" 'It is not necessary to the application of this rule that the party in question should have made the investigation in person. The same result follows if he employs a third person, in whom he has confidence, to make the test or examination, and received his report and relies on it, as where a person purchases a tax title to lands' on the advice of his attorney, whom he employs to investigate the public records, and who makes an extended search, or where, before concluding the bargain, he has an examination made by an expert skilled in the particular business or process to which the subject-matter relates.' "

Finding no reversible error in the record, the judgment of the trial court is affirmed.