Ronald D. KOLB, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellee.

No. 8690.

Court of Civil Appeals of Texas,
Texarkana.

July 24, 1979.

Rehearing Denied Aug. 28, 1979.

Vernon I. Lay, Jr., Round Rock, for appellant.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellee.

CORNELIUS, Chief Justice.

The appeal is from a summary judgment rendered against Ronald Kolb in his suit to set aside a worker's compensation settlement agreement. Mr. Kolb injured his back on January 22, 1975, while he was employed by Kenneth Whitlock, Inc., a worker's compensation subscriber whose coverage was provided by Texas Employers' Insurance Association. Over the next few weeks he was examined by Drs. Swann, Zanetti and Barnes. Their reports essentially stated that he was not seriously injured but only had a lumbrosacral sprain. On June 23, 1975, after a settlement conference attended by Mr. Kolb and his attorney, as well as representatives of the insurance carrier and the Industrial Accident Board, Mr. Kolb entered into a compromise settlement agreement by the terms of which he was paid $3,500.00 compensation, in addition to some $400.00 he had previously been paid, and was provided with one year's future medical benefits. After the claim was settled, Mr. Kolb's condition became worse. He saw another physician, Dr. Ross, who after diagnosing his condition as a herniated nucleus pulpus at lumbar 4 and lumbar 5 intervertebral disc level, performed surgery to correct the condition. In spite of the surgery, Dr. Ross concluded that Mr. Kolb was totally and permanently disabled. The insurance company does not controvert the fact that Mr. Kolb's actual condition was much more serious than thought at the time his claim was settled.

The pleaded basis for Mr. Kolb's suit was that, in making the settlement, he had relied upon representations concerning his

medical condition given to him by Drs. Barnes, Zanetti and Swann, all of whom were the agents of Texas Employers' and that those representations were false.

Texas Employers' moved for summary judgment. The motion was not based upon affidavits, but simply relied upon the pleadings, the settlement agreement, and deposition testimony by Mr. Kolb. Mr. Kolb presented an affidavit in opposition, but because it was presented some two months after the filing of the motion and was served on Texas Employers' only three days prior to the date which had been set for hearing the motion, the trial judge ordered the affidavit stricken and rendered summary judgment in favor of Texas Employers'.

■ To succeed in a case of this type, the claimant must establish that (1) false representations concerning his claim or his medical condition were made by the carrier's agents; (2) he believed such representations to be true; (3) he was materially induced by such belief to enter into the settlement agreement; and, (4) he has a meritorious claim for compensation in an amount greater than the amount paid. *Graves v. Hartford Accident & Indemnity Co.,* 138 Tex. 589, 161 S.W.2d 464 (1942); *Alvarez v. Employers' Fire Ins. Co.,* 531 S.W.2d 218 (Tex. Civ.App. Amarillo 1975, no writ). Mr. Kolb contends that summary judgment was not proper in this case because genuine issues of fact exist as to each of those material elements of his cause of action. Texas Employers' argues that even if genuine issues of fact exist as to the other elements of Mr. Kolb's cause of action, his own deposition testimony establishes that he did not rely upon the representations of its physicians in agreeing to the settlement.

■ Texas Employers', as a defendant moving for summary judgment on the whole case, had the negative burden to show as a matter of law that Mr. Kolb had no cause of action against it. It could discharge that burden only by showing, through competent summary judgment proof, that the cause of action was barred by some legal barrier, or that there was no genuine issue as to the existence of one or more of the material facts necessary to establish the cause of action. Tex.R.Civ.P. 166–A; 4 McDonald's, Texas Civil Practice, Sec. 17.26.2, pp. 133, 134, and cases there cited.

■ As noted earlier, Texas Employers' did not support its motion for summary judgment with affidavits, but relied principally upon the deposition testimony. While tacitly conceding that Mr. Kolb's deposition itself does not conclusively negate the allegations that the physicians were its agents and that the representations of those physicians were factually incorrect, yet Texas Employers' contends that the deposition testimony does conclusively establish that Mr. Kolb did not rely upon those representations, but relied instead upon the conclusions of physicians of his own choosing and upon the advice of his attorney. In support of this contention, Texas Employers' points to cases such as *M. L. Mayfield Petroleum Corporation v. Kelly,* 450 S.W.2d 104 (Tex. Civ.App. Tyler 1970, writ ref'd n. r. e.) and *Marcus v. Kinabrew,* 438 S.W.2d 431 (Tex. Civ.App. Tyler 1969, no writ), which apply the rule that where a person makes his own investigation of the facts, or relies upon expert opinions he has himself obtained, he cannot sustain a cause of action based upon misrepresentations made by others. We agree with the rule stated by those cases, but we cannot agree that Mr. Kolb's deposition testimony conclusively establishes that he made his own investigation or that he did not rely upon the reports of the physicians who allegedly were the agents of Texas Employers'. It is true that, at one point in his deposition, Mr. Kolb stated that he agreed to settle the case because of the opinion he had from his doctor that he was "okay", but it is not clear from the deposition which doctor he meant, and in his affidavit he clearly states that in making the settlement he relied upon the representations of the named doctors whom he alleged were agents of Texas Employers'. In this connection it must be remembered that, for the purpose of a motion for summary judgment, the opponent does not have the burden to establish that there is an issue of

fact; the movant has the burden to conclusively negate the existence of one or more of the essential facts necessary to sustain the opponent's cause of action. In addition, the court must accept as true all evidence which tends to support the opponent's contentions, and must resolve in his favor all conflicts in his testimony or in other summary·judgment evidence, giving him the benefit of all intendments reasonably deducible in his behalf. 4 McDonald's, Texas Civil Practice, Sec. 17.26.12, p. 172. Moreover, summary judgment should not be granted when the issues are inherently those for a jury or trial judge, as in cases involving intent, reliance, reasonable care, uncertainty and the like. Ibid., Sec. 17.26.-12, p. 177. And, a claimant should not be deprived of his day in court if there is the slightest doubt as to the truth of a material allegation. Ibid., Sec. 17.26.12, p. 175. The fact that Mr. Kolb was represented by an attorney would not necessarily defeat his cause of action. He was not attempting to avoid the settlement because of misrepresentations of law or of the legal consequences of the agreement, but because of misrepresentations of his medical condition by agents of the insurance carrier. The fact that he had an attorney is not necessarily dispositive of a cause of action for that kind of representation; it is but a circumstance to be·considered by the trier of fact in determining the issues of inducement and reliance. It follows that Texas Employers' did not sustain its burden to conclusively negate one or more of the essential facts of Mr. Kolb's cause of action, and summary judgment was therefore not proper.

■ In his second point, Mr. Kolb contends that the trial judge committed an abuse of discretion in striking the affidavit in opposition to the motion for summary judgment. We agree. The summary judgment procedure provided by our rules should not be used as a snare for the unwary or as punishment for the dilatory, but should be used only to weed out from the litigation process those claims which are patently unmeritorious and undisputed. In this case it does not appear that the allow-ance of Mr. Kolb's affidavit would have surprised Texas Employers' or otherwise prejudiced the presentation of its motion. If it would have operated to Texas Employers' disadvantage, the hearing of the motion could easily have been postponed to give extra time. In those circumstances and in the interest of justice, we believe leave should have been granted for filing the affidavit. See Tex.R.Civ.P. 166–A. Even in the absence of the affidavit, however, the summary judgment proof was not sufficient to conclusively negate one or more of the essential facts of Mr. Kolb's cause of action. When a motion for summary judgment is supported by depositions, but they are insufficient to show the absence of a disputed material fact, no controverting affidavit is required. 4 McDonald's, Texas Civil Practice, Sec. 17.26.8, p. 155.

■ Complaint is also made of the trial judge's issuance of a protective order respecting Mr. Kolb's application to take the deposition of two of the physicians. The case, originally filed in Nueces County, was transferred to Dallas County on a plea of privilege. Thereafter, Mr. Kolb issued notice to take the depositions of two of the physicians who lived in Corpus Christi. The depositions were scheduled for two successive days. On application of Texas Employers', the trial judge issued an order which required that, because the depositions were scheduled on two days rather than one, and it would be necessary for Texas Employers' attorneys to travel to Corpus Christi, Mr. Kolb should pay the attorneys' air fare, lodging and meals and an additional $250.00 per day as attorneys' fees. Mr. Kolb thereupon cancelled the depositions.

Although it is unlikely that the matter will arise again in the same context, we believe the trial court's protective order went too far. Rather than placing such an onerous burden upon the claimant, especially with respect to the $250.00 per day attorneys' fees, the court should simply have exercised its power to order that the depositions be scheduled for the same day. See the interpretative comment to Tex.R.Civ.P. 186b.

The judgment of the trial court is reversed and the cause is remanded for trial.