TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00061-CV






Linda Wyrick, Appellant



v.



Tillman & Tillman Realty, Inc. and Jon Tillman, Appellees







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C-98-319A, HONORABLE FRED R. CLARK, JUDGE PRESIDING







 Appellant Linda Wyrick sued appellees Tillman & Tillman Realty and Jon Tillman
(collectively "Tillman Realty") for violation of the Deceptive Trade Practices--Consumer
Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 2000),
breach of express contract, and breach of warranty growing out of a contract wherein Tillman
Realty acted as Wyrick's agent for her purchase of property in Comal County. Wyrick alleged
that she was damaged by Tillman's failure to disclose certain facts about the neighborhood
surrounding the property she purchased. The trial court granted summary judgment for Tillman
Realty. Wyrick complains on appeal that the trial court erred in dismissing her claims and
awarding attorney's fees and costs to Tillman Realty. We will reverse the trial court's judgment
and remand the cause.

FACTUAL AND PROCEDURAL BACKGROUND


 In 1996, Wyrick decided to move to Comal County from San Antonio and sought
to purchase a residence in New Braunfels. She contacted Tillman about a property she had seen
while driving around New Braunfels. Although that particular property did not work out, she
decided she needed a real estate agent and asked Tillman, a long-time resident of New Braunfels,
to represent her. He agreed to represent her solely as a buyer's agent.

 Wyrick was very specific in describing her needs for a new home: she wanted a
home that was well-built and a neighborhood that was quiet and safe. She explained that she was
moving away from San Antonio to escape the city lights, noise, and traffic. Tillman showed her
another home and said it was in a quiet and safe neighborhood. When she asked him if there was
anything else about the neighborhood she needed to know, Tillman answered no. Wyrick returned
to visit the house alone and spent some time driving through the neighborhood. She scheduled a
second visit to the home with Tillman and, on March 5, 1996, submitted an earnest money
contract. Due to an illness and her medical disability, she was only able to return to New
Braunfels twice before the closing date, which was April 18, 1996. She did not move in until
September 1, 1996. Around the end of September, Wyrick discovered that a railroad right-of-way
was near the house and a meat-processing plant was a block away.

 In her affidavit in support of her response to Tillman Realty's motion for summary
judgment, Wyrick stated several reasons for not discovering the right-of-way or the meat-processing plant: after closing on the property, she contracted for extensive renovations that
prohibited her from moving in earlier; due to her illness, she was unable to travel to New
Braunfels frequently and when she was able to visit, it was often late in the evening when it was
too dark to explore the neighborhood; and due to her medical condition, she was only able to
spend short periods of time out of bed.

 The railroad right-of-way is located behind a single row of houses on the opposite
side of the street from Wyrick's house. She complains that this single row of houses does not
diminish the industrial environment created by the right-of-way. In 1988, the railroad temporarily
discontinued the use of the right-of-way for train traffic. Although the tracks closest to Wyrick's
house were removed and asphalted over, some of the tracks at other intersections remained in
place. The railroad at all times retained the right to reopen the right-of-way to rail traffic, and did
so in November 1998.

 During the ten-year period in which the right-of-way was closed to rail traffic,
several articles ran in the local newspaper regarding the right-of-way and its potential future uses. 
Some of the articles mentioned turning the right-of-way into a nature trail if either the city or a
private entity could acquire the right-of-way. Tillman stated that he knew of the ongoing issues
with the right-of-way and knew that it had not been resolved when he found the house for Wyrick.

 The property also is located approximately one block from a meat-processing plant
that has been in operation since the 1940's. Wyrick complains that the meat-processing plant
discharges fumes and odors and creates a high volume of traffic from the trucks going to and from
the plant.

 Wyrick sued Tillman Realty for violation of the DTPA, breach of express contract,
and breach of warranty. Tillman Realty moved for summary judgment on four grounds: (1) that
there is no duty to disclose facts or information not known to the real estate agent/broker; (2) that
there is no duty to disclose facts regarding other properties; (3) that Wyrick is deemed to have
relied on her own investigation; and (4) that Wyrick's claim is barred by limitations. Without
specifying any particular ground, the district court granted Tillman Realty's motion for summary
judgment.

 On appeal, Wyrick complains that Tillman should have told her about the meat-processing plant and the existence of the right-of-way, whether or not he knew it would reopen. 
She states that had she known of the processing plant and the right-of-way, she would not have
bought the house. Wyrick argues that Tillman had a duty to disclose these two facts because they
materially affect her property.


STANDARD OF REVIEW Summary judgment is properly granted only when a movant establishes there are
no genuine issues of material fact to be decided and that it is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); Memorial Med. Ctr. v. Howard, 975 S.W.2d 691, 692 (Tex.
App.--Austin 1998, pet. denied). In reviewing a summary judgment, we view the evidence in the
light most favorable to the non-movant and make every reasonable inference and resolve all doubts
in favor of the non-movant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex.
1985); Howard, 975 S.W.2d at 693. When the trial court's order granting summary judgment
does not specify the grounds on which the court relies, we must affirm the judgment if it is
supported by any of the grounds set forth by the movant. Bradley v. State ex rel. White, 990
S.W.2d 245, 247 (Tex. 1999); Howard, 975 S.W.2d at 693.


DISCUSSIONStatute of limitations

 We will first address the issue of limitations. Wyrick asserts that her claim is not
barred by the statute of limitations because the limitations period would not begin to run until she
discovered or should have discovered the conditions of which she complains. Tillman Realty
argues that Wyrick has waived this discovery rule because she failed to raise it before the trial
court. Even if Wyrick did not plead the discovery rule in her petition, however, she did raise it
in her response to Tillman Realty's motion for summary judgment and in her affidavit in support
thereof. Tillman Realty did not object. An unpleaded affirmative defense may serve as the basis
for a summary judgment when it is raised in the summary judgment motion and the opposing party
does not object to the lack of a pleading in either its written response or before the rendition of
judgment. Roark v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991).

 A defendant moving for summary judgment on the affirmative defense of limitations
has the burden to conclusively establish that defense. KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 750 (Tex. 1999); Burns v. Thomas, 786 S.W.2d 266, 267-68
(Tex. 1990). Thus, the defendant must conclusively prove when the cause of action accrued and
negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a
matter of law that there is no genuine issue of material fact about when the plaintiff discovered,
or in the exercise of reasonable diligence should have discovered, the nature of its injury. Burns,
786 S.W.2d at 267; Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 518 (Tex. 1988). If the
movant establishes that the statute of limitations bars the action, the non-movant must then adduce
summary judgment proof raising a fact issue in avoidance of the statute of limitations. KPMG
Peat Marwick, 988 S.W.2d at 750; Burns, 786 S.W.2d at 267-68; Texas Indus., Inc. v. City of
Dallas, 1 S.W.3d 792, 794 (Tex. App.--Eastland 1999, pet. denied).

 The discovery rule is a very limited exception that tolls the running of limitations
until the plaintiff knows, or in the exercise of reasonable diligence should know, of the facts
giving rise to the cause of action. Computer Assocs. Int'l, Inc. v. Altai, Inc., 918 S.W.2d 453,
455 (Tex. 1996); Heron Fin. Corp. v. United States Testing Co., 926 S.W.2d 329, 331 (Tex.
App.--Austin 1996, writ denied). Ordinarily, the discovery rule tolls the applicable limitations
period only when (1) the nature of the injury is inherently undiscoverable and (2) evidence of the
injury is objectively verifiable. Altai, Inc., 918 S.W.2d at 456; Heron Fin. Corp., 926 S.W.2d
at 332.

 In a DTPA cause of action, however, the two judicially created requirements of
inherent undiscoverability and objective verifiability do not apply because the legislature wrote
the "discovery rule" into DTPA causes of action. Burns, 786 S.W.2d at 267. Section § 17.565
of the DTPA provides:


All actions brought under this subchapter must be commenced within two years
after the date on which the false, misleading, or deceptive act or practice occurred
or within two years after the consumer discovered or in the exercise of reasonable
diligence should have discovered the occurrence of the false, misleading, or
deceptive act or practice.



Tex. Bus. & Com. Code Ann. § 17.565 (West 1987). The discovery rule applies by statute to
DTPA cases. KPMG Peat Marwick, 988 S.W.2d at 749; Murphy v. Campbell, 964 S.W.2d 265,
271 (Tex. 1997). Because the discovery rule applies to the plaintiff's claims under the DTPA, the
defendant has the burden to conclusively establish that the plaintiff's causes of action accrued more
than two years before suit was filed. The accrual occurs when the plaintiff knew or should have
known of the "wrongfully caused injury." KPMG Peat Marwick, 988 S.W.2d at 749; Pecan
Valley Nut Co. v. E.I. du Pont de Nemours & Co., 15 S.W.3d 244, 247 (Tex. App.--Eastland
2000, pet. filed).

 Wyrick's claims for breach of express contract and breach of warranty are governed
by the four-year statute of limitations. Therefore, neither of those causes of action is barred by
limitations. As for the DTPA claim, Tillman Realty has not conclusively established that Wyrick
should have discovered the railroad right-of-way and the meat-processing plant before the
expiration of the two-year statute of limitations. Therefore, we conclude that Wyrick did preserve
her assertion of the discovery rule and that the summary judgment is not sustainable on the basis
of limitations.


No duty to disclose facts not known to the broker

 Tillman Realty's first ground for summary judgment was that there is no duty to
disclose facts or information not known to the real estate agent or broker. See Hagans v.
Woodruff, 830 S.W.2d 732, 736 (Tex. App.--Houston [14th Dist.] 1992, no writ). Present Texas
law does not impose such a duty, and it has been held that the imposition of this type of liability
should be left to the legislature. See Kubinsky v. Van Zandt Realtors, 811 S.W.2d 711, 715 (Tex.
App.--Fort Worth 1991, writ denied); Hagans, 830 S.W.2d at 736.

 Wyrick did not plead this ground of recovery, but rather has conceded that Tillman
had no duty to inspect and no duty to disclose to her facts of which he had no knowledge. 
Wyrick's suit did not seek to recover for any failure by Tillman to disclose facts of which he had
no knowledge. Based on her pleadings and concessions, therefore, Tillman Realty was not entitled
to summary judgment on this ground.


Deceptive Trade Practices--Consumer Protection Act

 In its second ground for summary judgment, Tillman Realty argued that it had no
duty to disclose facts regarding other properties. Wyrick assigns four points of error to this
ground for summary judgment: (1) Tillman made representations to her with the effect of
misleading her and inducing her to make an uninformed purchase; (2) there are outstanding
questions of fact concerning the knowing concealment of material facts regarding the existence of
the right-of-way and the meat-processing plant; (3) a real estate agent has a duty to perform his
work in a competent, skillful, and professional manner; and (4) a real estate agent has a legal duty
to disclose all material facts that have a bearing on the decision to purchase, whether these factors
or conditions pertain to the subject property itself and regardless of the proximity thereto. We
sustain these points of error.


Misrepresentations

 In her first point of error, Wyrick complains that Tillman made representations to
her with the effect of misleading her and inducing her to make an uninformed purchase. Tillman
told Wyrick that he had lived in New Braunfels for a long time and was familiar with and
knowledgeable about the community and neighborhoods. Tillman also told her that the
neighborhood in which the house was located was then and historically had been "indeed a quiet
and safe neighborhood." In her brief, Wyrick argues that by making these statements and telling
her there was nothing else about the neighborhood she needed to know, Tillman ignored the
requirements that she had explicitly set for him and he misled her to trust and believe there were
no factors known to him which could present a significant problem regarding noise and safety. 
Wyrick argues that these misrepresentations were material and induced her to buy a house she
would not otherwise have bought.

 Tillman Realty argues that the summary judgment is proper because the
uncontroverted summary judgment evidence establishes that the representations allegedly made
by Tillman were true at the time they were made, and that Tillman had no reason to believe they
would not continue to be true in the future. The two statements upon which Tillman says Wyrick
claims misrepresentations are (1) that Tillman knew of a house on the market that he thought
would be good for Wyrick and that was in a good neighborhood, and (2) that the house was in "a
quiet and safe neighborhood" and it was "the kind of neighborhood that he would put his mother
in." Tillman argues that these statements were true at the time they were made and that he had no
actual knowledge of the reopening of the right-of-way or the emissions from the meat-processing
plant.

 A cause of action based on alleged misrepresentations requires proof of "a material
misrepresentation." Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960
S.W.2d 41, 47 (Tex. 1998). Materiality is an issue of causation, and a representation is material if
it induces a party to act. Manges v. Astra Bar, Inc., 596 S.W.2d 605, 611 (Tex. Civ. App.--Corpus
Christi 1980, writ ref'd n.r.e.). In order to show materiality, proof must be made that the
misrepresentation induced the complaining party to act. Id. Wyrick complains that Tillman's
misrepresentation was material because it induced her to buy the house. Tillman argues that his
statements could not have been a material misrepresentation because they were true at the time he
said them. However, for a material misrepresentation to be actionable under the DTPA and
reversible error on appeal, the speaker must have intended to dupe the party into purchasing the
goods. Parks v. U.S. Home Corp., 652 S.W.2d 479, 485 (Tex. App.--Houston [1st Dist.] 1983,
writ dism'd).

 Under section 17.46(b), the term "false, misleading, or deceptive acts or practices"
includes the following: "the failure to disclose information concerning goods or services which
was known at the time of the transaction if such failure to disclose such information was intended
to induce the consumer into a transaction into which the consumer would not have entered had the
information been disclosed." Tex. Bus. & Com. Code Ann. § 17.46(b)(23) (West Supp. 2000). 
As to deceptive acts under the DTPA, a consumer may maintain an action where a false,
misleading, or deceptive act or practice constitutes a producing cause of actual damages. Tex.
Bus. & Com. Code Ann. § 17.50(a)(1) (West 2000); Busse v. Pacific Cattle Feeding Fund No. 1,
Ltd., 896 S.W.2d 807, 817 (Tex. App.--Texarkana 1995, writ denied). The record contains
summary judgment evidence that Wyrick would not have bought the house but for Tillman's
assurances that it was a quiet neighborhood.

 It is also necessary to determine whether Tillman intended that Wyrick rely on his
statements in an effort to induce her into buying the home. A failure to disclose information about
goods or services can be a deceptive act if the failure to disclose was intended to induce the
consumer to enter into the transaction. Tex. Bus. & Com. Code Ann. § 17.46(b)(23) (West Supp.
2000); Busse, 896 S.W.2d at 817; Parks, 652 S.W.2d at 485. This provision in the DTPA
requires intentional omission of a material fact for the purpose of duping a consumer. Sidco
Prods. Mktg., Inc. v. Gulf Oil Corp., 858 F.2d 1095, 1100 (5th Cir. 1988) (citing Parks, 652
S.W.2d at 485). To be actionable under the DTPA, a failure to disclose material information
necessarily requires that the defendant have known the information and failed to bring it to the
plaintiff's attention. Tex. Bus. & Com. Code Ann. § 17.46(b)(23) (stating that it is unlawful to
fail to "disclose information concerning . . . services which was known at the time of the
transaction").

 Viewed in the light most favorable to the non-movant, Wyrick's summary judgment
evidence does give rise to a fact issue as to the materiality of the misrepresentation. While the
record does not convince this Court that Tillman necessarily intended to dupe Wyrick, Tillman
has not proven as a matter of law that his failure to disclose the existence of the railroad right-of-way and the meat-processing plant warrants summary judgment. We sustain Wyrick's first point
of error.


Outstanding questions of fact

 In her second point of error, Wyrick argues that there are outstanding questions of
fact concerning the knowing concealment of material facts regarding the existence of the right-of-way and the meat-processing plant. In her brief, Wyrick states that for the purposes of summary
judgment, knowing concealment was established because, at a minimum, what material knowledge
was actually possessed is a fact issue for resolution by a jury. Tillman argues that he did not know
these facts were material.

 Wyrick and Tillman entered into an oral contract in which Wyrick explicitly stated
her requirements for the house she was seeking. It was clear that she wanted a well-built home
in a quiet and safe neighborhood. Tillman's bare assertion that he did not know these facts were
material is not enough to merit summary judgment on the issue. Because we hold that a fact issue
exists as to the knowing concealment of material facts, we sustain Wyrick's second point of error.


Duty to perform work in a competent, skillful, and professional manner

 Wyrick complains in her third point of error that although there might be no duty
to inspect, Tillman, who was hired as the "buyer's exclusive agent," owed her a duty to perform
his work in a competent, skillful, and professional manner and to exhibit his best efforts and
unbiased judgment. See Burleson v. Earnest, 153 S.W.2d 869, 875 (Tex. Civ. App.--Amarillo
1941, writ ref'd w.o.m.) (holding that in all cases where relationship of principal and agent is
shown, principal is entitled to best efforts and unbiased judgment of his agent). Wyrick argues
that Tillman breached the warranty that all material information known at the time about the good
had been disclosed. Additionally, she argues that Tillman had a duty to exercise skill and
judgment in his profession, which requires full disclosure and sound judgments about what
information to disclose. According to the Canons of Professional Ethics and Conduct under the
Texas Real Estate Commission, a broker is a fiduciary and owes a duty of fidelity to his client:


A real estate broker or salesperson, while acting as an agent for another, is a
fiduciary. Special obligations are imposed when such fiduciary relationships are
created. They demand: (1) that the primary duty of the real estate agent is to
represent the interests of the agent's client, and the agent's position, in this respect,
should be clear to all parties concerned in the real estate transaction; that, however,
the agent, in performing duties to the client, shall treat other parties to the
transaction fairly; (2) that the real estate agent be faithful and observant to trust
placed in the agent, and be scrupulous and meticulous in performing the agent's
functions; (3) that the real estate agent place no personal interest above the agent's
client.



22 Tex. Admin. Code § 531.1 (2000). Additionally, administrative rules provide that "a [licensed
real estate agent] has an affirmative duty to keep the principal informed at all times of significant
information applicable to the transaction or transactions in which the licensee is acting as agent
for the principal." 22 Tex. Admin. Code § 535.156(c) (2000).

 In response, Tillman Realty argues there is no legal duty for a real estate broker to
inspect and disclose all facts that might affect the listed property's value or desirability. Tillman
Realty cites case law holding that an implied warranty does not apply to services in which the
essence of the transaction is the exercise of professional judgment by the service provider. 
Kubinsky v. Van Zandt Realtors, 811 S.W.2d 711, 715 (Tex. App.--Fort Worth 1991, writ
denied); Forestpark Enters. v. Culpepper, 754 S.W.2d 775 (Tex. App.--Fort Worth 1988, writ
denied). Again, Tillman Realty misstates Wyrick's point of error. Wyrick is not complaining that
there is a legal duty to inspect and disclose all information. Accordingly, we need not decide
whether a real estate broker has a legal duty to inspect and disclose the information learned from
the inspection.

 If a broker, under his contract with his principal, is charged with no responsibility
and is not obligated to exercise any discretion, but his duty consists merely of bringing the parties
together so that, between themselves, they may negotiate a sale, and the sale is made in that
manner, the broker is considered a mere "middleman" and is not necessarily the "agent" of either
party. Rauscher Pierce Refsnes, Inc. v. Great Southwest Sav., F.A., 923 S.W.2d 112, 115 (Tex.
App.--Houston [14th Dist.] 1996, no writ); Chien v. Chen, 759 S.W.2d 484, 495 n.7 (Tex.
App.--Austin 1988, no writ). Where, however, the relationship of principal and agent is shown,
the principal is entitled to the best efforts and unbiased judgment of the agent. Rauscher Pierce,
923 S.W.2d at 115; Burleson, 153 S.W.2d at 873-74. A broker's contract of employment calls
for the utmost good faith on the part of the broker and he is bound to disclose to his principal all
material facts within his knowledge affecting any transaction. Rauscher Pierce, 923 S.W.2d at
115. The broker may become liable to his principal for any negligent or other wrongful act done
by him where his principal suffers damage. Barnsdall Oil Co. v. Willis, 152 F.2d 824, 828 (5th
Cir. 1946); Rauscher Pierce, 923 S.W.2d at 115-16.

 It is clear from the present record that Tillman was not a mere "middleman," but
rather was Wyrick's exclusive agent. Tillman had a duty to comply with the specifications set
forth in his contract with Wyrick. Tillman has not proven conclusively that he performed his
obligations to Wyrick in a manner conforming to the standards set forth above. Therefore, we
sustain Wyrick's third point of error.


Legal duty to disclose all material facts

 By her fourth point of error, Wyrick complains on appeal that a real estate agent
has a legal duty to disclose all material facts that have a bearing on the decision to purchase,
irrespective of whether these factors or conditions pertain to the subject property itself and
regardless of the proximity thereto. Tillman responds that in order for him to have a duty to make
disclosures to Wyrick regarding either the railroad right-of-way or the meat-processing plant, he
must have actual knowledge of the facts that would cause a reasonable person to conclude that the
abandoned railroad right-of-way and the meat-processing plant would have some significant
adverse effect on the subject property. Tillman Realty urges that the uncontroverted summary
judgment evidence established that Tillman had no such knowledge. We hold that even if a real
estate agent does not have a duty to inspect the property and disclose all facts that might affect the
listed property's value or desirability, he does have a duty to disclose facts known to him that,
viewed in the context of the contract between the broker and his client, would have an effect on
the client's satisfaction with the property.

 Tillman Realty cites to Hagans and Kubinsky for the proposition that a broker has
no legal duty to inspect listed property and disclose all facts that materially affect its value or
desirability. Hagans, 830 S.W.2d at 736; Kubinsky, 811 S.W.2d at 715. As stated above, the
issue here is not whether Tillman was required to inspect the property to learn of defects. Tillman
already knew of the existence of the railroad right-of-way and the meat-processing plant; no
inspection was necessary for him to learn of these defects. While he may not have a duty to
inspect, Tillman has not proven as a matter of law that, in light of his express oral contract, he had
no duty to tell Wyrick of the existence of the right-of-way and the meat-processing plant. 
Therefore, we sustain Wyrick's fourth point of error.


Wyrick's duty to inspect property

 Tillman Realty, in its third ground for summary judgment, argued that Wyrick is
deemed to have relied upon her own personal investigation that was free and unhampered. 
Tillman argues on appeal, therefore, that he did not have a duty to Wyrick with respect to the
railroad right-of-way or the meat-processing plant that would support a cause of action against
Tillman Realty. Wyrick concedes that she did not perform an investigation of the area where the
right-of-way or meat-processing plant are located. She argues, however, that a broker has a duty
to disclose all material facts that would not be discovered by the exercise of ordinary care and
diligence, which, at a minimum, she performed.

 The rule is that where a person makes his own investigation of the facts, he cannot
sustain an action of misrepresentation made by others. Kolb v. Texas Employers' Ins. Ass'n, 585
S.W.2d 870, 872 (Tex. Civ. App.--Texarkana 1979, writ ref'd n.r.e.); M.L. Mayfield Petroleum
Corp. v. Kelly, 450 S.W.2d 104, 110 (Tex. Civ. App.--Tyler 1970, writ ref'd n.r.e.). According
to Wyrick's affidavit, she spent time driving around the neighborhood and the town at night after
work. One evening, she returned to visit New Braunfels and the neighborhood with a friend, and
they drove around together looking at the area. From the record, the evidence tends to show that
the railroad tracks were difficult to discover; many of them had been torn up and covered with
asphalt. When Wyrick did visit the neighborhood, it was in the evening and often dark outside. 
The summary judgment evidence does not prove conclusively that Wyrick should have discovered
the right-of-way and the meat-processing plant during her drives around the neighborhood. 
Tillman Realty has not proven the factual premise of the rule deeming one to have relied on one's
own investigation. Wyrick's fifth point of error is sustained.


CONCLUSION

 Having sustained Wyrick's points of error and finding that a material fact question
exists, we reverse the judgment of the trial court and remand the cause for further proceedings.



 

 J. Woodfin Jones, Justice

Before Justices Kidd, Yeakel and Jones*

Reversed and Remanded

Filed: February 15, 2001

Do Not Publish


* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).


material facts

 By her fourth point of error, Wyrick complains on appeal that a real estate agent
has a legal duty to disclose all material facts that have a bearing on the decision to purchase,
irrespective of whether these factors or conditions pertain to the subject property itself and
regardless of the proximity thereto. Tillman responds that in order for him to have a duty to make
disclosures to Wyrick regarding either the railroad right-of-way or the meat-processing plant, he
must have actual knowledge of the facts that would cause a reasonable person to conclude that the
abandoned railroad right-of-way and the meat-processing plant would have some significant
adverse effect on the subject property. Tillman Realty urges that the uncontroverted summary
judgment evidence established that Tillman had no such knowledge. We hold that even if a real
estate agent does not have a duty to inspect the property and disclose all facts that might affect the
listed property's value or desirability, he does have a duty to disclose facts known to him that,
viewed in the context of the contract between the broker and his client, would have an effect on
the client's satisfaction with the property.

 Tillman Realty cites to Hagans and Kubinsky for the proposition that a broker has
no legal duty to inspect listed property and disclose all facts that materially affect its value or
desirability. Hagans, 830 S.W.2d at 736; Kubinsky, 811 S.W.2d at 715. As stated above, the
issue here is not whether Tillman was required to inspect the property to learn of defects. Tillman
already knew of the existence of the railroad right-of-way and the meat-processing plant; no
inspection was necessary for him to learn of these defects. While he may not have a duty to
inspect, Tillman has not proven as a matter of law that, in light of his express oral contract, he had
no duty to tell Wyrick of the existence of the right-of-way and the meat-processing plant. 
Therefore, we sustain Wyrick's fourth point of error.


Wyrick's duty to inspect property

 Tillman Realty, in its third ground for summary judgment, argued that Wyrick is
deemed to have relied upon her own personal investigation that was free and unhampered. 
Tillman argues on appeal, therefore, that he did not have a duty to Wyrick with respect to the
railroad right-of-way or the meat-processing plant that would support a cause of action against
Tillman Realty. Wyrick concedes that she did not perform an investigation of the area where the
right-of-way or meat-processing plant are located. She argues, however, that a broker has a duty
to disclose all material facts that would not be discovered by the exercise of ordinary care and
diligence, which, at a minimum, she performed.

 The rule is that where a person makes his own investigation of the facts, he cannot
sustain an action of misrepresentation made by others. Kolb v. Texas Employers' Ins. Ass'n, 585
S.W.2d 870, 872 (Tex. Civ. App.--Texarkana 1979, writ ref'd n.r.e.);