**Doris CESTRO, Individually, and as Representative of the Estate of Mark A. Johnson, Deceased, Appellant,**

v.

**Matias MEDINA, M.D., Appellee.**

**No. 11–89–197–CV.**

Court of Appeals of Texas, Eastland.

Oct. 19, 1989.

Rehearing Denied Jan. 18, 1990.

Andrew L. Drapkin, Houston, for appellant.

Kevin J. Keith, Bailey & Williams, Dallas, Frank B. Stahl, Jr., Lorance & Thompson, Houston, for appellee.

OPINION

DICKENSON, Justice.

Doris Cestro[1] sued Matias Medina, M.D.,[2] alleging medical malpractice in con-

nection with the death of her minor son[3] and seeking $2,500,000 actual damages and $2,500,000 punitive damages. The trial court granted Dr. Medina's motion for summary judgment.[4] We affirm.[5]

■ Mrs. Cestro asserts in a single point of error which reads in full as shown:

The lower court's granting of Defendant's Motion for Summary Judgment was clearly erroneous because it violated the "Open Courts" Provision of the Texas Constitution as interpreted by the Texas Supreme Court and contravened the doctrine of stare decisis.

Mrs. Cestro cites TEX. CONST. art. I, sec. 13 and *Sax v. Votteler*, 648 S.W.2d 661 (Tex.1983). Article I, section 13 states:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. *All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.* (Emphasis added)

The Supreme Court held in *Sax v. Votteler*, supra at 667, that TEX.INS.CODE ANN. art. 5.82, sec. 4 [repealed and reenacted as the Medical Liability and Insurance Improvement Act of Texas, TEX.REV.CIV. STAT.ANN. art. 4590i, sec. 10.01 (Vernon Supp.1989)] was in violation of Article I,

section 13 of the Texas Constitution and was "unconstitutional as it applies to a minor's cause of action." The opinion in *Sax* noted, supra at 663, that Section 10.01 of the current law:

[C]ontains a statute of limitations provision that is substantially the same as Article 5.82, section 4, except under the amended law "... minors under the age of twelve years shall have until their fourteenth birthday in which to file, or have filed on their behalf, the claim."

Mrs. Cestro argues that her deceased son was a minor at the time of the alleged malpractice and that, consequently, the limitations provision of the current act is unconstitutional as to the claim which she asserts. We disagree. Since the minor is dead, the statutory limitation period for a minor is not applicable.

Section 10.01 of the current law provides:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all per-

1. Mrs. Cestro sued for herself individually, and also as representative of the Estate of Mark A. Johnson, Deceased. Her sixth amended original petition did not include the claims which she had previously filed as next friend of her deceased child's minor brother and minor sister.

2. Dr. Medina was added to the lawsuit on March 27, 1987. The suit was originally filed against other defendants on February 4, 1986. At the time the summary judgment was rendered the plaintiff's live pleadings did not name any other defendants.

3. Mark A. Johnson was 14 years old when he received the injury on February 4, 1984, which resulted in his death on February 16, 1984. He was taken to the emergency room on the date of his injury, and the summary judgment proof supports plaintiff's allegation that the hospital (one of the original defendants) and Dr. Medina refused to treat him because of his mother's

inability to pay. Mrs. Cestro then took her son to a second emergency room where he received treatment. Mrs. Cestro claims that the delay in treatment contributed to her son's death.

4. The district judge wrote "Interlocutory" on the order dated December 19, 1988; however, it was a final, appealable order because the plaintiff's sixth amended original petition (filed May 4, 1988) did not name any other defendants. Consequently, the order that plaintiffs "take nothing by reason of this suit against Defendant, Matias Medina, M.D." disposed of all of the issues and all of the parties who were then before the court.

5. The appeal was transferred from the 1st Houston Court of Appeals to this Court pursuant to TEX.GOV'T CODE ANN. sec. 73.001 (Vernon 1988).

**642**

sons regardless of minority or other legal disability.

The Supreme Court made it clear in *Nelson v. Krusen,* 678 S.W.2d 918 at 923 (Tex.1984), that the statutory limitation period (under Article 5.82, section 4 which has been reenacted as Section 10.01 of the Act) was unconstitutional under the "open courts" provision (Article I, section 13):

> *[T]o the extent* it purports to cut off an injured person's right to sue before the person has a *reasonable opportunity* to discover the wrong and bring suit. (Emphasis added)

The Supreme Court then noted that the limitation statute was not unconstitutional as to the adult litigants in *Sax v. Votteler,* supra, because they discovered their injuries while there was still a reasonable time to sue. In this case Mrs. Cestro actually filed her lawsuit before the end of the period allowed by Section 10.01. The emergency room report listed Dr. Medina as the admitting physician, and the summary judgment proof shows that Mrs. Cestro had a reasonable opportunity to learn of her potential cause of action against Dr. Medina before the claim was barred by the limitation provision. See and compare *Miller v. Providence Memorial Hospital,* 690 S.W.2d 335 (Tex.App.—Eastland 1985, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.