**Danny WARNER, Appellant,**

v.

**Krishna SUNKAVALLI, M.D., M.L. Smith, M.D., and Hamlin Memorial Hospital, Appellees.**

**No. 11–89–230–CV.**

Court of Appeals of Texas,
Eastland.

Aug. 30, 1990.

1. Krishna Sunkavalli, M.D., performed the surgical procedure and was primarily responsible for the patient's postoperative care. M.L. Smith, M.D., assisted in the surgery and also saw the patient in the hospital.

2. Hamlin Memorial Hospital is owned and operated by Hamlin Hospital District, a governmen-

Aubrey Roberts, Moore, Dickson, Roberts & Ratliff, Inc., Sweetwater, for appellant.

Timothy D. Yeats, Jack N. Little, Little, Palmer & Williams, Big Spring, Roger L. Glandon, Glandon, Erwin, Scarborough, Baker & Choate, David R. Cobb, McMahon, Smart, Surovik, Suttle, Buhrmann & Cobb, Abilene, for appellees.

OPINION

DICKENSON, Justice.

A former patient, Danny Warner, sued two doctors [1] who operated on him on January 9, 1985, and the hospital [2] where the operation was performed, alleging medical malpractice. [3] The two doctors and the hospital moved for summary judgment based upon limitations since the lawsuit was not filed until November 2, 1987. The patient responded to the summary judgment motions by claiming that the statute of limitations was tolled by the "discovery rule." After the summary judgment hearing the trial court granted leave for the patient to file an amended petition urging "fraudulent concealment." The trial court subsequently granted the three motions for summary judgment, and the patient appeals. We affirm as to the hospital, but we reverse and remand as to the two doctors.

*Points of Error*

Appellant has briefed three points of error. He claims the trial court erred in granting the three motions for summary judgment because: (Point One) there is a genuine issue of material fact as to whether the physician-patient relationship continued until November 29, 1987, which he argues would make the suit timely filed; (Point Two) there is a genuine issue of

tal entity. See Tex.Rev.Civ.Stat. art. 4494q (Vernon 1976).

3. The patient also sued Hamlin Clinic, but those claims have been severed and are now pending in a separate lawsuit.

material fact as to whether the doctors and hospital fraudulently concealed the fact that all of the gallstones had not been removed; and (Point Three) the statute of limitations did not commence to run until the patient discovered the malpractice, relying upon the "discovery rule."

*Relevant Summary Judgment Proof*

The patient filed an affidavit in response to the motions for summary judgment which reads in part as shown:

On January 9, 1985, I was operated on by Hamlin Clinic Doctors, Dr. Krishna Sunkavalli, M.D. and Dr. M. L. Smith, for removal of my gallbladder at the Hamlin Memorial Hospital, Hamlin, Jones County, Texas. After I was discharged on January 15, 1985, I continued to suffer with abdominal pains and was admitted into the Hamlin Memorial Hospital on January 25, 1985 for observation and was told at that time by both Dr. Sunkavalli and Dr. Smith that I was suffering from a condition that happens following gallbladder surgery called "phantom pain", which they described as being like false labor pains.

On November 29, 1985, I went to the Hamlin Clinic, a part of Hamlin Memorial Hospital, with severe abdominal pains, and Dr. Sunkavalli refused to see me. I sat in the Hamlin Clinic for 45 minutes and no one would see or help me. I left the clinic and it was not until after I had surgery on December 10, 1985 that I learned or discovered I still had gallstones that were not removed by Dr. Sunkavalli, Dr. Smith, Hamlin Clinic or Hamlin Memorial Hospital.

The medical records from Hamlin Memorial Hospital include a "Record of Operation" dated 1–9–85 which shows that a cholecystectomy was performed on Danny Warner by K.K. Sunkavalli, M.D., surgeon, and M.L. Smith, M.D., assistant. Those

medical records also contain a "Report of Roentgenographic Examination" dated 1–10–85 and signed by Wayne V. Ramsey, M.D., which states:

Operative cholangiogram shows multiple filling defects in the common duct, one in the distal without passage of the opaque media into the small bowel. *These therefore presume to be stones.*

Second film shows a tiny amount in the small bowel and less evidence of filling defect but the technique due to the patient's size is such that *small stones cannot be ruled out.* (Emphasis added)

The medical records from the Methodist Hospital in Lubbock contain operative notes showing that T.L. West, M.D., operated on Danny Joe Warner on December 10, 1985, and that "two large common duct stones" were removed.

*First Point of Error*

The first point of error does not concern the hospital, and it becomes moot as to the two doctors in view of our holding on the second point of error.

*Fraudulent Concealment*

There is no summary judgment proof of any fraudulent concealment by the hospital, and the second point of error is overruled as to the motion for summary judgment filed by the hospital.

The case is more difficult as to the two doctors. When the trial court permitted the patient to amend his pleadings to allege fraudulent concealment after the summary judgment hearing, that issue was then in the case for appellate review under Tex.R. Civ.P. 166a because that amended pleading was "filed thereafter and before judgment with permission of the court."

The Supreme Court discussed the relevant statute of limitations [4] in *Borderlon v. Peck,* 661 S.W.2d 907 at 908 (Tex.1983):

---

4.  TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1990) which states:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that

is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this

Fraudulent concealment is based upon the doctrine of equitable estoppel. In the proper case, invocation of fraudulent concealment estops a defendant from relying on the statute of limitations as an affirmative defense to plaintiff's claim. Where a defendant is under a duty to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations *until the party learns of the right of action or should have learned thereof through the exercise of reasonable diligence.*

Because the physician-patient relationship is one of trust and confidence, Texas recognizes a duty on the part of the physician to disclose a negligent act or fact that an injury has occurred. *Failure to disclose in such situations constitutes fraudulent concealment which will prevent the wrongdoer from perpetrating further fraud by using limitations as a shield.*

\* \* \* \* \* \*

We hold, therefore, that Article 4590i, section 10.01 [see footnote 4] does not abolish fraudulent concealment as an equitable estoppel to the affirmative defense of limitations under that statute.

Our holding does not imply a right of recovery by [the patient]. It merely permits [him] to present evidence, which, if believed, would estop [the doctors] from pleading limitations as a bar to [his] claim for relief. (Citations omitted, Emphasis added)

The patient has the burden of supporting his allegation of fraudulent concealment with summary judgment proof "raising a fact issue." *Nichols v. Smith,* 507 S.W.2d 518 at 520 (Tex.1974); *Rhodes v. McCarron,* 763 S.W.2d 518 at 524 (Tex.App.—Amarillo 1988, writ den'd).

In reviewing a summary judgment, we must consider all evidence favorable to the non-movant as true; we must indulge every reasonable inference in the non-movant's favor; and we must resolve any doubt in favor of the non-movant. *MMP, Ltd. v. Jones,* 710 S.W.2d 59 at 60 (Tex. 1986); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546 at 548 (Tex.1985).

▇ We hold that the "Report of Roentgenographic Examination" which is dated January 10, 1985, and which came from the medical records of Hamlin Memorial Hospital, considered with the patient's complaints when he was readmitted to the hospital on January 25, 1985, is circumstantial evidence from which a jury could believe the two doctors knew that gallstones were still in the patient's body when both of them told him that he was "suffering from a condition that happens following gallbladder surgery called 'phantom pain'." This is sufficient to "raise the issue" of fraudulent concealment under the summary judgment rules of review. Consequently, the second point of error is sustained insofar as it challenges the doctors' motions for summary judgment.

### The Discovery Rule

The third point of error is overruled because the Supreme Court held in *Morrison v. Chan,* 699 S.W.2d 205 at 207 (Tex.1985), that the special statute of limitations for medical malpractice claims is constitutional except for those situations in which it cuts off a patient's right to sue "before the person has a reasonable opportunity to discover the wrong and bring suit." The Supreme Court also held in *Morrison v. Chan,* supra at 208:

[T]he Legislature's intent in passing Art. 4590i, § 10.01 was to abolish the discovery rule in cases governed by the Medical Liability Act.

See also *Kimball v. Brothers,* 741 S.W.2d 370 (Tex.1987); *Cestro v. Medina,* 781 S.W.2d 640 at 642 (Tex.App.—Eastland 1989, no writ); *Miller v. Providence Memorial Hospital,* 690 S.W.2d 335 (Tex.App.—Eastland 1985, writ ref'd n.r.e.).

▇ The patient in the case before us waited more than a year after discovery of his claim before filing suit. The special

subchapter applies to all persons regardless of minority or other legal disability.

statute of limitations is not unconstitutional in abolishing the "discovery rule" as to him because he had "a reasonable opportunity to discover the wrong and bring suit." *Morrison v. Chan,* supra. Consequently, the only basis upon which he can hope to avoid limitations is if the jury accepts his claim that the two doctors actually knew that they had left the gallstones in him when they both assured him that the problem was only "phantom pain."

### Appellate Ruling

The summary judgment of the trial court is affirmed insofar as it ordered that Danny Warner take nothing against Hamlin Memorial Hospital.[5] The summary judgment of the trial court is reversed insofar as it ordered that Danny Warner take nothing against Krishna Sunkavalli, M.D., and M.L. Smith, M.D., and those causes of action are remanded to the trial court.

Affirmed in part; reversed and remanded in part.

---

5. The hospital district is also entitled to summary judgment because it did not receive notice of the patient's claim within six months after he learned of his cause of action. See TEX.CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 1986).