**Jimmy CAREY, Appellant,**

v.

**Carlos A. DIMIDJIAN, D.P.M., Appellee.**

**No. 11–97–00101–CV.**

Court of Appeals of Texas,
Eastland.

Oct. 29, 1998.

James D. Norvell, Michael Maher, Tom McIlhany, Norvell & Assoc., Abilene, for appellant.

Michael Winchester, D. Bradley Dickinson, Vial, Hamilton, Koch & Knox, Robert Gilbreath, Jenkens & Gilchrist, Dallas, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

DICKENSON, Justice.

Jimmy Carey filed suit on January 26, 1994, against his podiatrist, Carlos A. Dimid-

jian, D.P.M., for treatments beginning in 1990. Defendant filed a "Motion for Partial Summary Judgment" as to all treatments which were performed more than two years before the lawsuit was filed. On August 12, 1996, the trial court granted defendant's motion for partial summary judgment. That cause of action was not severed from the other claims asserted by plaintiff, and the trial court's order contained the additional provision that: "All other relief not expressly granted in this Judgment is denied." There was no appeal from the 1996 order until the present appeal was filed on March 19, 1997.

After the "Motion for Partial Summary Judgment" was granted, plaintiff's other claims were tried to a jury. The jury found that defendant was not negligent, and judgment was rendered that plaintiff take nothing. Plaintiff appeals. We affirm the judgment of the trial court.

### The Point of Error

Plaintiff argues in his only point of error that the trial court erred "in granting the motion for partial summary judgment."

### Dismissal of Appeal

█ Before making his argument on the merits, defendant argues that plaintiff "did not timely perfect his appeal" and that this appeal should be dismissed. The trial court's order which sustained defendant's "motion for partial summary judgment" contained a "Mother Hubbard clause."[1]

The Supreme Court held in *Inglish v. Union State Bank*, 945 S.W.2d 810, 811 (Tex. 1997), that, when a summary judgment contains a "Mother Hubbard clause" (*or "clearly purports to be final"* (Emphasis added)) and grants more relief than was requested, it becomes "final and appealable." The Supreme Court then said:

> To avoid waiver, [appellant] was required either to ask the trial court to correct the first summary judgment while the court retained plenary power or to perfect a timely appeal of that judgment. Because

he did neither, the court of appeals was without jurisdiction to decide the merits of his appeal.

The Supreme Court subsequently said in *Bandera Electric Cooperative, Inc. v. Gilchrist*, 946 S.W.2d 336, 337 (Tex.1997):

> [T]he inclusion of Mother Hubbard language or its equivalent in an order granting summary judgment makes an otherwise partial summary judgment final for appellate purposes.

During the oral arguments when the pending appeal was submitted to this court for decision, defendant's counsel cited the recent opinion in *Kaigler v. General Electric Mortgage Insurance Corporation*, 961 S.W.2d 273 (Tex.App.—Houston [1st Dist.] 1997, no writ), which discusses a situation which was similar to the one which is now before this court. The majority said:

> The issue in this appeal is whether a Mother Hubbard clause in a summary judgment disposes of all parties and all issues in a case. We conclude that the answer is yes.

\* \* \*

The supreme court recently reaffirmed that a summary judgment is final and appealable even when it erroneously grants more relief than was requested in the motion for summary judgment *if the summary judgment contains a Mother Hubbard clause or similar language. Inglish v. Union State Bank*, [supra]. When the nonmovant for summary judgment is confronted with such an order, the nonmovant must either (1) ask the trial court to correct the erroneous summary judgment while the trial court retains plenary power over its judgment, or (2) perfect a timely appeal. (Emphasis added)

This court found one other case which was decided after the briefs were filed in this case and which concerns the issue now before this court. See *Pena v. Valley Sandia, Ltd.*,

---

1. This is the terminology which is sometimes used to describe the phrase which the Supreme Court has suggested that trial courts should use in order to make sure that a judgment is appeal-able: "All relief not expressly granted is denied." See, e.g., *Mafrige v. Ross*, 866 S.W.2d 590 (Tex. 1993).

**558**

964 S.W.2d 297 (Tex.App.—Corpus Christi 1998, no writ), where a counterclaim was filed on the day before the summary judgment hearing. The appellate court points out in its opinion:

> The trial judge granted a summary judgment on November 10, 1994, giving Valley Sandia all the relief it sought, *including a "Mother Hubbard" clause.*
>
> The parties then continued the litigation as though this was not a final appealable judgment.
>
> * * *
>
> Given the *Mafrige* presumption and the rule of *Inglish,* the judgment of November 10, 1994, is the final judgment in this cause. The subsequent judgment of the trial court was entered after expiration of the trial court's plenary power over the controversy and is a nullity. Just as the trial court was without jurisdiction to make further judgments in this lawsuit following expiration of its plenary power, we are without jurisdiction to hear any appeal from such null judgments. (Emphasis added)

If defendant were correct about the effect of the "Mother Hubbard clause" in the trial court's 1996 order granting the "motion for partial summary judgment," we would not reach the merits of this appeal. However, we note that all of the cases cited on this point are distinguishable because none of them concerned an order which stated that it was granting a "motion for partial summary judgment." We also note that all of the parties and the able trial court judge treated the order granting the "motion for partial summary judgment" as an interlocutory order.

In the interest of judicial economy, we will pass on the merits of the appeal. The results will be the same. Whether the appeal is dismissed for want of jurisdiction or whether the judgment of the trial court is affirmed, plaintiff takes nothing. The treatments in 1990 and 1991 are barred by the two-year statute of limitations, and the treatments after January 26, 1992, are barred by the jury's verdict that defendant was not negligent.

### Ruling on the Merits

 The trial court did not err in overruling plaintiff's motion for partial summary judgment. There is no summary judgment proof of fraudulent concealment, and the patient had the burden of supporting his allegation of fraudulent concealment with summary judgment proof. *Nichols v. Smith,* 507 S.W.2d 518, 520 (Tex.1974); *Allen v. Tolon,* 918 S.W.2d 605, 607 (Tex.App.—Eastland 1996, no writ); *Warner v. Sunkavalli,* 795 S.W.2d 326, 328 (Tex.App.—Eastland 1990, no writ).

The judgment of the trial court is affirmed.