TEXAS INDUSTRIES, INC., Appellant,

v.

CITY OF DALLAS, Appellee.

No. 11–97–00330–CV.

Court of Appeals of Texas,
Eastland.

Aug. 19, 1999.

Rehearing Overruled Oct. 28, 1999.

Constance E. Courtney Westfall, Walter D. James, S. Vance Wittie, Royal H. Brian, Strasburger & Price, James L. Truitt, E. Eldridge Goins, John D. Rosenberg, Goins, Underkofler, Crawford & Langdon, Dallas, for appellant.

Ronald Stutes, Asst. City Atty., Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCLOUD, S.J.*

OPINION

W.G. ARNOT, III, Chief Justice.

This is a summary judgment case arising from a suit for breach of contract. The essential facts are not in dispute. On April 16, 1973, Texas Industries, Inc. (TXI) leased its property for landfill operations to the City of Dallas for the disposal of municipal solid waste. Municipal solid waste is defined by the Solid Waste Disposal Act, TEX. HEALTH & SAFETY CODE ANN. § 361.003(20) (Vernon Supp. 1999) as:

> [S]olid waste resulting from or incidental to municipal, community, commercial industrial, or recreational activities, and includes garbage, rubbish, ashes, street cleanings, dead animals, abandoned automobiles, and other solid waste other than industrial solid waste.

TEX. HEALTH & SAFETY CODE ANN. § 361.003(16) (Vernon Supp.1999) defines industrial solid waste as:

> [S]olid waste resulting from or incidental to a process of industry or manufacturing, or mining or agricultural operations.

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland

The City disposed of industrial solid waste, battery casing chips and lead slag, generated by RSR Corporation, a secondary lead smelter at the landfill. Pursuant to its contract, the City replaced the topsoil and reseeded the property at the end of its lease. TXI inspected the property and executed a release to the City on August 18, 1977.

On April 21, 1994, the United States Environmental Protection Agency (USEPA) conducted a survey and determined that the property was contaminated with battery casing chips and lead slag. Consequently, the property was designated on the National Priority List under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). The USEPA identified the City as a potentially responsible party and requested it to investigate and remediate the property; the City has not done so. TXI filed a breach of contract suit on November 30, 1995, one month after USEPA placed its property on the priority list.

Following pretrial discovery, TXI and the City each moved for summary judgment. In its judgment, the trial court found that the City had breached its agreement but held that TXI's claim was barred by limitations. TXI appeals. We affirm.

When reviewing a summary judgment, this court will adhere to the following standards:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

sitting by assignment.

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. TEX.R.CIV.P. 166a; *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). Issues that are not expressly presented to the trial court in writing cannot be urged on appeal. *Goswami v. Metropolitan Savings and Loan Association*, 751 S.W.2d 487, 491 (Tex.1988); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

■ A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. Thus, the defendant must conclusively prove when the cause of action accrued and negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746 (Tex.1999); *Burns v. Thomas*, 786 S.W.2d 266 (Tex.1990); *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515 (Tex.1988).

■ The Supreme Court has recently discussed the application of and the distinction between the discovery rule and fraudulent concealment. *HECI Exploration Company v. Neel*, 982 S.W.2d 881 (Tex.1998); *S.V. v. R.V.*, 933 S.W.2d 1 (Tex.1996); *Computer Associates International, Inc. v. Altai, Inc.*, 918 S.W.2d 453 (Tex.1996). The discovery rule exception to the statute of limitations will apply where the nature of the injury incurred is inherently undiscoverable and the evidence of the injury is objectively verifiable. *Computer Associates International, Inc. v. Altai, Inc.*, supra at 456. The applicability of the discovery rule is determined categorically. That is, although the particular injury may not have been discovered, it is the particular type of injury that generally is discoverable by the exercise of reasonable diligence. *HECI Exploration Company v. Neel*, supra at 886. The requirement of inherent discoverability recognizes that the discovery rule exception should be permitted only in circumstances where it is difficult for the injured party to learn of the negligent act or omission. *Computer Associates International, Inc. v. Altai, Inc.*, supra at 456.

■ Consequently, the first issue the court must decide is whether, in breach of its agreement with TXI, the City's disposal of battery casing chips and lead slag from a smelter, defined as industrial solid waste, was the type of injury that is inherently undiscoverable. The contract was for disposal of municipal waste, not industrial waste from a smelter. The four-year statute of limitations applies to causes of action arising from a breach of contract. TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 1997).

TXI had the opportunity to inspect the property during and at the termination of the contract. TXI executed a release at the termination of the contract. The summary judgment evidence includes an engineering inspection report from the Texas State Department of Health dated November 15, 1973, which states that the inspector observed a pile of "storage battery debris" adjacent to a road and that the property was lined "with storage battery crushed casings and lead plates." TXI argues that this report was not public and was not available to the public until some years later upon promulgation of the Texas Open Records Act.[1] Regardless of whether it was public information, this evidence shows that even routine inspection

---

1. TEX. GOV'T CODE ANN. §§ 552.01 et seq. (Vernon 1994 & Supp.1999).

would have revealed the deposit of industrial waste. We hold that this is the type of injury that is discoverable by the exercise of reasonable diligence. Consequently, the discovery exception does not apply.

Next, as an independent ground to defeat summary judgment, TXI asserts, on appeal, that the City fraudulently concealed its wrongful breach; consequently, limitations did not begin to run until TXI knew or should have known of its injury.

 Unlike the movant's burden of negating the discovery rule, a party asserting fraudulent concealment as an affirmative defense to the statute of limitations has the burden to raise it in response to the summary judgment motion and to come forward with summary judgment evidence raising a fact issue on each element of the fraudulent concealment defense. *KPMG Peat Marwick v. Harrison County Housing Finance Corp., supra.* There is no summary judgment proof of fraudulent concealment, and TXI had the burden of supporting its allegation of fraudulent concealment with summary judgment proof. *Carey v. Dimidjian,* 982 S.W.2d 556 (Tex. App.—Eastland 1998, no pet'n). TXI's sole issue on appeal is overruled.

The judgment of the trial court is affirmed.