# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-00-00061-CV

---

**Linda Wyrick, Appellant**

**v.**

**Tillman & Tillman Realty, Inc. and Jon Tillman, Appellees**

---

**FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT**
**NO. C-98-319A, HONORABLE FRED R. CLARK, JUDGE PRESIDING**

---

Appellant Linda Wyrick sued appellees Tillman & Tillman Realty and Jon Tillman (collectively "Tillman Realty") for violation of the Deceptive Trade Practices—Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 2000), breach of express contract, and breach of warranty growing out of a contract wherein Tillman Realty acted as Wyrick's agent for her purchase of property in Comal County. Wyrick alleged that she was damaged by Tillman's failure to disclose certain facts about the neighborhood surrounding the property she purchased. The trial court granted summary judgment for Tillman Realty. Wyrick complains on appeal that the trial court erred in dismissing her claims and awarding attorney's fees and costs to Tillman Realty. We will reverse the trial court's judgment and remand the cause.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Wyrick decided to move to Comal County from San Antonio and sought to purchase a residence in New Braunfels. She contacted Tillman about a property she had seen while

driving around New Braunfels. Although that particular property did not work out, she decided she needed a real estate agent and asked Tillman, a long-time resident of New Braunfels, to represent her. He agreed to represent her solely as a buyer's agent.

Wyrick was very specific in describing her needs for a new home: she wanted a home that was well-built and a neighborhood that was quiet and safe. She explained that she was moving away from San Antonio to escape the city lights, noise, and traffic. Tillman showed her another home and said it was in a quiet and safe neighborhood. When she asked him if there was anything else about the neighborhood she needed to know, Tillman answered no. Wyrick returned to visit the house alone and spent some time driving through the neighborhood. She scheduled a second visit to the home with Tillman and, on March 5, 1996, submitted an earnest money contract. Due to an illness and her medical disability, she was only able to return to New Braunfels twice before the closing date, which was April 18, 1996. She did not move in until September 1, 1996. Around the end of September, Wyrick discovered that a railroad right-of-way was near the house and a meat-processing plant was a block away.

In her affidavit in support of her response to Tillman Realty's motion for summary judgment, Wyrick stated several reasons for not discovering the right-of-way or the meat-processing plant: after closing on the property, she contracted for extensive renovations that prohibited her from moving in earlier; due to her illness, she was unable to travel to New Braunfels frequently and when she was able to visit, it was often late in the evening when it was too dark to explore the neighborhood; and due to her medical condition, she was only able to spend short periods of time out of bed.

The railroad right-of-way is located behind a single row of houses on the opposite side of the street from Wyrick's house. She complains that this single row of houses does not diminish the industrial environment created by the right-of-way. In 1988, the railroad temporarily discontinued the use of the right-of-way for train traffic. Although the tracks closest to Wyrick's house were removed and asphalted over, some of the tracks at other intersections remained in place. The railroad at all times retained the right to reopen the right-of-way to rail traffic, and did so in November 1998.

During the ten-year period in which the right-of-way was closed to rail traffic, several articles ran in the local newspaper regarding the right-of-way and its potential future uses. Some of the articles mentioned turning the right-of-way into a nature trail if either the city or a private entity could acquire the right-of-way. Tillman stated that he knew of the ongoing issues with the right-of-way and knew that it had not been resolved when he found the house for Wyrick.

The property also is located approximately one block from a meat-processing plant that has been in operation since the 1940's. Wyrick complains that the meat-processing plant discharges fumes and odors and creates a high volume of traffic from the trucks going to and from the plant.

Wyrick sued Tillman Realty for violation of the DTPA, breach of express contract, and breach of warranty. Tillman Realty moved for summary judgment on four grounds: (1) that there is no duty to disclose facts or information not known to the real estate agent/broker; (2) that there is no duty to disclose facts regarding other properties; (3) that Wyrick is deemed to have relied on her own investigation; and (4) that Wyrick's claim is barred by limitations. Without specifying any particular ground, the district court granted Tillman Realty's motion for summary judgment.

3

On appeal, Wyrick complains that Tillman should have told her about the meat-processing plant and the existence of the right-of-way, whether or not he knew it would reopen. She states that had she known of the processing plant and the right-of-way, she would not have bought the house. Wyrick argues that Tillman had a duty to disclose these two facts because they materially affect her property.

## STANDARD OF REVIEW

Summary judgment is properly granted only when a movant establishes there are no genuine issues of material fact to be decided and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Memorial Med. Ctr. v. Howard*, 975 S.W.2d 691, 692 (Tex. App.—Austin 1998, pet. denied). In reviewing a summary judgment, we view the evidence in the light most favorable to the non-movant and make every reasonable inference and resolve all doubts in favor of the non-movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985); *Howard*, 975 S.W.2d at 693. When the trial court's order granting summary judgment does not specify the grounds on which the court relies, we must affirm the judgment if it is supported by any of the grounds set forth by the movant. *Bradley v. State ex rel. White*, 990 S.W.2d 245, 247 (Tex. 1999); *Howard*, 975 S.W.2d at 693.

## DISCUSSION

### *Statute of limitations*

We will first address the issue of limitations. Wyrick asserts that her claim is not barred by the statute of limitations because the limitations period would not begin to run until she

discovered or should have discovered the conditions of which she complains. Tillman Realty argues that Wyrick has waived this discovery rule because she failed to raise it before the trial court. Even if Wyrick did not plead the discovery rule in her petition, however, she did raise it in her response to Tillman Realty's motion for summary judgment and in her affidavit in support thereof. Tillman Realty did not object. An unpleaded affirmative defense may serve as the basis for a summary judgment when it is raised in the summary judgment motion and the opposing party does not object to the lack of a pleading in either its written response or before the rendition of judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999); *Burns v. Thomas*, 786 S.W.2d 266, 267-68 (Tex. 1990). Thus, the defendant must conclusively prove when the cause of action accrued and negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. *Burns*, 786 S.W.2d at 267; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988). If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick*, 988 S.W.2d at 750; *Burns*, 786 S.W.2d at 267-68; *Texas Indus., Inc. v. City of Dallas*, 1 S.W.3d 792, 794 (Tex. App.—Eastland 1999, pet. denied).

5

The discovery rule is a very limited exception that tolls the running of limitations until the plaintiff knows, or in the exercise of reasonable diligence should know, of the facts giving rise to the cause of action. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996); *Heron Fin. Corp. v. United States Testing Co.*, 926 S.W.2d 329, 331 (Tex. App.—Austin 1996, writ denied). Ordinarily, the discovery rule tolls the applicable limitations period only when (1) the nature of the injury is inherently undiscoverable and (2) evidence of the injury is objectively verifiable. *Altai, Inc.*, 918 S.W.2d at 456; *Heron Fin. Corp.*, 926 S.W.2d at 332.

In a DTPA cause of action, however, the two judicially created requirements of inherent undiscoverability and objective verifiability do not apply because the legislature wrote the "discovery rule" into DTPA causes of action. *Burns*, 786 S.W.2d at 267. Section § 17.565 of the DTPA provides:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.

Tex. Bus. & Com. Code Ann. § 17.565 (West 1987). The discovery rule applies by statute to DTPA cases. *KPMG Peat Marwick*, 988 S.W.2d at 749; *Murphy v. Campbell*, 964 S.W.2d 265, 271 (Tex. 1997). Because the discovery rule applies to the plaintiff's claims under the DTPA, the defendant has the burden to conclusively establish that the plaintiff's causes of action accrued more than two years before suit was filed. The accrual occurs when the plaintiff knew or should have known of the

6

"wrongfully caused injury." *KPMG Peat Marwick*, 988 S.W.2d at 749; *Pecan Valley Nut Co. v. E.I. du Pont de Nemours & Co.*, 15 S.W.3d 244, 247 (Tex. App.—Eastland 2000, pet. filed).

Wyrick's claims for breach of express contract and breach of warranty are governed by the four-year statute of limitations. Therefore, neither of those causes of action is barred by limitations. As for the DTPA claim, Tillman Realty has not conclusively established that Wyrick should have discovered the railroad right-of-way and the meat-processing plant before the expiration of the two-year statute of limitations. Therefore, we conclude that Wyrick did preserve her assertion of the discovery rule and that the summary judgment is not sustainable on the basis of limitations.

### *No duty to disclose facts not known to the broker*

Tillman Realty's first ground for summary judgment was that there is no duty to disclose facts or information not known to the real estate agent or broker. *See Hagans v. Woodruff,* 830 S.W.2d 732, 736 (Tex. App.—Houston [14th Dist.] 1992, no writ). Present Texas law does not impose such a duty, and it has been held that the imposition of this type of liability should be left to the legislature. *See Kubinsky v. Van Zandt Realtors*, 811 S.W.2d 711, 715 (Tex. App.—Fort Worth 1991, writ denied); *Hagans*, 830 S.W.2d at 736.

Wyrick did not plead this ground of recovery, but rather has conceded that Tillman had no duty to inspect and no duty to disclose to her facts of which he had no knowledge. Wyrick's suit did not seek to recover for any failure by Tillman to disclose facts of which he had no knowledge. Based on her pleadings and concessions, therefore, Tillman Realty was not entitled to summary judgment on this ground.

7

*Deceptive Trade Practices—Consumer Protection Act*

In its second ground for summary judgment, Tillman Realty argued that it had no duty to disclose facts regarding other properties. Wyrick assigns four points of error to this ground for summary judgment: (1) Tillman made representations to her with the effect of misleading her and inducing her to make an uninformed purchase; (2) there are outstanding questions of fact concerning the knowing concealment of material facts regarding the existence of the right-of-way and the meat-processing plant; (3) a real estate agent has a duty to perform his work in a competent, skillful, and professional manner; and (4) a real estate agent has a legal duty to disclose all material facts that have a bearing on the decision to purchase, whether these factors or conditions pertain to the subject property itself and regardless of the proximity thereto. We sustain these points of error.

*Misrepresentations*

In her first point of error, Wyrick complains that Tillman made representations to her with the effect of misleading her and inducing her to make an uninformed purchase. Tillman told Wyrick that he had lived in New Braunfels for a long time and was familiar with and knowledgeable about the community and neighborhoods. Tillman also told her that the neighborhood in which the house was located was then and historically had been "indeed a quiet and safe neighborhood." In her brief, Wyrick argues that by making these statements and telling her there was nothing else about the neighborhood she needed to know, Tillman ignored the requirements that she had explicitly set for him and he misled her to trust and believe there were no factors known to him which could present

8

a significant problem regarding noise and safety. Wyrick argues that these misrepresentations were material and induced her to buy a house she would not otherwise have bought.

Tillman Realty argues that the summary judgment is proper because the uncontroverted summary judgment evidence establishes that the representations allegedly made by Tillman were true at the time they were made, and that Tillman had no reason to believe they would not continue to be true in the future. The two statements upon which Tillman says Wyrick claims misrepresentations are (1) that Tillman knew of a house on the market that he thought would be good for Wyrick and that was in a good neighborhood, and (2) that the house was in "a quiet and safe neighborhood" and it was "the kind of neighborhood that he would put his mother in." Tillman argues that these statements were true at the time they were made and that he had no actual knowledge of the reopening of the right-of-way or the emissions from the meat-processing plant.

A cause of action based on alleged misrepresentations requires proof of "a material misrepresentation." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). Materiality is an issue of causation, and a representation is material if it induces a party to act. *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605, 611 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.). In order to show materiality, proof must be made that the misrepresentation induced the complaining party to act. *Id*. Wyrick complains that Tillman's misrepresentation was material because it induced her to buy the house. Tillman argues that his statements could not have been a material misrepresentation because they were true at the time he said them. However, for a material misrepresentation to be actionable under the DTPA and reversible

9

error on appeal, the speaker must have intended to dupe the party into purchasing the goods. *Parks v. U.S. Home Corp.*, 652 S.W.2d 479, 485 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd).

Under section 17.46(b), the term "false, misleading, or deceptive acts or practices" includes the following: "the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed." Tex. Bus. & Com. Code Ann. § 17.46(b)(23) (West Supp. 2000). As to deceptive acts under the DTPA, a consumer may maintain an action where a false, misleading, or deceptive act or practice constitutes a producing cause of actual damages. Tex. Bus. & Com. Code Ann. § 17.50(a)(1) (West 2000); *Busse v. Pacific Cattle Feeding Fund No. 1, Ltd.*, 896 S.W.2d 807, 817 (Tex. App.—Texarkana 1995, writ denied). The record contains summary judgment evidence that Wyrick would not have bought the house but for Tillman's assurances that it was a quiet neighborhood.

It is also necessary to determine whether Tillman intended that Wyrick rely on his statements in an effort to induce her into buying the home. A failure to disclose information about goods or services can be a deceptive act if the failure to disclose was *intended* to induce the consumer to enter into the transaction. Tex. Bus. & Com. Code Ann. § 17.46(b)(23) (West Supp. 2000)*; Busse*, 896 S.W.2d at 817; *Parks*, 652 S.W.2d at 485. This provision in the DTPA requires intentional omission of a material fact for the purpose of duping a consumer. *Sidco Prods. Mktg., Inc. v. Gulf Oil Corp.*, 858 F.2d 1095, 1100 (5th Cir. 1988) (citing *Parks*, 652 S.W.2d at 485). To be actionable under the DTPA, a failure to disclose material information necessarily requires that the

defendant have known the information and failed to bring it to the plaintiff's attention. Tex. Bus. & Com. Code Ann. § 17.46(b)(23) (stating that it is unlawful to fail to "disclose information concerning . . . services which was known at the time of the transaction").

Viewed in the light most favorable to the non-movant, Wyrick's summary judgment evidence does give rise to a fact issue as to the materiality of the misrepresentation. While the record does not convince this Court that Tillman necessarily intended to dupe Wyrick, Tillman has not proven as a matter of law that his failure to disclose the existence of the railroad right-of-way and the meat-processing plant warrants summary judgment. We sustain Wyrick's first point of error.

### Outstanding questions of fact

In her second point of error, Wyrick argues that there are outstanding questions of fact concerning the knowing concealment of material facts regarding the existence of the right-of-way and the meat-processing plant. In her brief, Wyrick states that for the purposes of summary judgment, knowing concealment was established because, at a minimum, what material knowledge was actually possessed is a fact issue for resolution by a jury. Tillman argues that he did not know these facts were material.

Wyrick and Tillman entered into an oral contract in which Wyrick explicitly stated her requirements for the house she was seeking. It was clear that she wanted a well-built home in a quiet and safe neighborhood. Tillman's bare assertion that he did not know these facts were material is not enough to merit summary judgment on the issue. Because we hold that a fact issue exists as to the knowing concealment of material facts, we sustain Wyrick's second point of error.

11

***Duty to perform work in a competent, skillful, and professional manner***

Wyrick complains in her third point of error that although there might be no duty to inspect, Tillman, who was hired as the "buyer's exclusive agent," owed her a duty to perform his work in a competent, skillful, and professional manner and to exhibit his best efforts and unbiased judgment. *See Burleson v. Earnest*, 153 S.W.2d 869, 875 (Tex. Civ. App.—Amarillo 1941, writ ref'd w.o.m.) (holding that in all cases where relationship of principal and agent is shown, principal is entitled to best efforts and unbiased judgment of his agent). Wyrick argues that Tillman breached the warranty that all material information known at the time about the good had been disclosed. Additionally, she argues that Tillman had a duty to exercise skill and judgment in his profession, which requires full disclosure and sound judgments about what information to disclose. According to the Canons of Professional Ethics and Conduct under the Texas Real Estate Commission, a broker is a fiduciary and owes a duty of fidelity to his client:

> A real estate broker or salesperson, while acting as an agent for another, is a fiduciary. Special obligations are imposed when such fiduciary relationships are created. They demand: (1) that the primary duty of the real estate agent is to represent the interests of the agent's client, and the agent's position, in this respect, should be clear to all parties concerned in the real estate transaction; that, however, the agent, in performing duties to the client, shall treat other parties to the transaction fairly; (2) that the real estate agent be faithful and observant to trust placed in the agent, and be scrupulous and meticulous in performing the agent's functions; (3) that the real estate agent place no personal interest above the agent's client.

22 Tex. Admin. Code § 531.1 (2000). Additionally, administrative rules provide that "a [licensed real estate agent] has an affirmative duty to keep the principal informed at all times of significant

information applicable to the transaction or transactions in which the licensee is acting as agent for the principal." 22 Tex. Admin. Code § 535.156(c) (2000).

In response, Tillman Realty argues there is no legal duty for a real estate broker to inspect and disclose all facts that might affect the listed property's value or desirability. Tillman Realty cites case law holding that an implied warranty does not apply to services in which the essence of the transaction is the exercise of professional judgment by the service provider. *Kubinsky v. Van Zandt Realtors*, 811 S.W.2d 711, 715 (Tex. App.—Fort Worth 1991, writ denied); *Forestpark Enters. v. Culpepper*, 754 S.W.2d 775 (Tex. App.—Fort Worth 1988, writ denied). Again, Tillman Realty misstates Wyrick's point of error. Wyrick is not complaining that there is a legal duty to *inspect* and disclose all information. Accordingly, we need not decide whether a real estate broker has a legal duty to inspect and disclose the information learned from the inspection.

If a broker, under his contract with his principal, is charged with no responsibility and is not obligated to exercise any discretion, but his duty consists merely of bringing the parties together so that, between themselves, they may negotiate a sale, and the sale is made in that manner, the broker is considered a mere "middleman" and is not necessarily the "agent" of either party. *Rauscher Pierce Refsnes, Inc. v. Great Southwest Sav., F.A.*, 923 S.W.2d 112, 115 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Chien v. Chen*, 759 S.W.2d 484, 495 n.7 (Tex. App.—Austin 1988, no writ). Where, however, the relationship of principal and agent is shown, the principal is entitled to the best efforts and unbiased judgment of the agent. *Rauscher Pierce*, 923 S.W.2d at 115; *Burleson*, 153 S.W.2d at 873-74. A broker's contract of employment calls for the utmost good faith on the part of the broker and he is bound to disclose to his principal all material facts *within his knowledge* affecting

13

any transaction. *Rauscher Pierce*, 923 S.W.2d at 115. The broker may become liable to his principal for any negligent or other wrongful act done by him where his principal suffers damage. *Barnsdall Oil Co. v. Willis*, 152 F.2d 824, 828 (5th Cir. 1946); *Rauscher Pierce*, 923 S.W.2d at 115-16.

It is clear from the present record that Tillman was not a mere "middleman," but rather was Wyrick's exclusive agent. Tillman had a duty to comply with the specifications set forth in his contract with Wyrick. Tillman has not proven conclusively that he performed his obligations to Wyrick in a manner conforming to the standards set forth above. Therefore, we sustain Wyrick's third point of error.

### *Legal duty to disclose all material facts*

By her fourth point of error, Wyrick complains on appeal that a real estate agent has a legal duty to disclose all material facts that have a bearing on the decision to purchase, irrespective of whether these factors or conditions pertain to the subject property itself and regardless of the proximity thereto. Tillman responds that in order for him to have a duty to make disclosures to Wyrick regarding either the railroad right-of-way or the meat-processing plant, he must have actual knowledge of the facts that would cause a reasonable person to conclude that the abandoned railroad right-of-way and the meat-processing plant would have some significant adverse effect on the subject property. Tillman Realty urges that the uncontroverted summary judgment evidence established that Tillman had no such knowledge. We hold that even if a real estate agent does not have a duty to inspect the property and disclose all facts that might affect the listed property's value or desirability, he does have a duty to disclose facts known to him that, viewed in the context of the contract between the broker and his client, would have an effect on the client's satisfaction with the property.

14

Tillman Realty cites to *Hagans* and *Kubinsky* for the proposition that a broker has no legal duty to inspect listed property and disclose all facts that materially affect its value or desirability. *Hagans*, 830 S.W.2d at 736*; Kubinsky*, 811 S.W.2d at 715. As stated above, the issue here is not whether Tillman was required to inspect the property to learn of defects. Tillman already knew of the existence of the railroad right-of-way and the meat-processing plant; no inspection was necessary for him to learn of these defects. While he may not have a duty to inspect, Tillman has not proven as a matter of law that, in light of his express oral contract, he had no duty to tell Wyrick of the existence of the right-of-way and the meat-processing plant. Therefore, we sustain Wyrick's fourth point of error.

### Wyrick's duty to inspect property

Tillman Realty, in its third ground for summary judgment, argued that Wyrick is deemed to have relied upon her own personal investigation that was free and unhampered. Tillman argues on appeal, therefore, that he did not have a duty to Wyrick with respect to the railroad right-of-way or the meat-processing plant that would support a cause of action against Tillman Realty. Wyrick concedes that she did not perform an investigation of the area where the right-of-way or meat-processing plant are located. She argues, however, that a broker has a duty to disclose all material facts that would not be discovered by the exercise of ordinary care and diligence, which, at a minimum, she performed.

The rule is that where a person makes his own investigation of the facts, he cannot sustain an action of misrepresentation made by others. *Kolb v. Texas Employers' Ins. Ass'n*, 585 S.W.2d 870, 872 (Tex. Civ. App.—Texarkana 1979, writ ref'd n.r.e.); *M.L. Mayfield Petroleum*

15

*Corp. v. Kelly*, 450 S.W.2d 104, 110 (Tex. Civ. App.—Tyler 1970, writ ref'd n.r.e.). According to Wyrick's affidavit, she spent time driving around the neighborhood and the town at night after work. One evening, she returned to visit New Braunfels and the neighborhood with a friend, and they drove around together looking at the area. From the record, the evidence tends to show that the railroad tracks were difficult to discover; many of them had been torn up and covered with asphalt. When Wyrick did visit the neighborhood, it was in the evening and often dark outside. The summary judgment evidence does not prove conclusively that Wyrick should have discovered the right-of-way and the meat-processing plant during her drives around the neighborhood. Tillman Realty has not proven the factual premise of the rule deeming one to have relied on one's own investigation. Wyrick's fifth point of error is sustained.

## CONCLUSION

Having sustained Wyrick's points of error and finding that a material fact question exists, we reverse the judgment of the trial court and remand the cause for further proceedings.

_____

J. Woodfin Jones, Justice

Before Justices Kidd, Yeakel and Jones[*]

Reversed and Remanded

Filed: February 15, 2001

Do Not Publish

17